**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

OLIVIA ELUMOGO-GARDNER,
an individual,

    Plaintiff,

v.

Case Number:
Division:

LANDO RESORT CORPORATION,
a Florida for-profit corporation,
DAILY MANAGEMENT, INC.,
a Florida for-profit corporation, and
VACATION VILLAGE AT PARKWAY
OWNERS ASSOCIATION, INC.,
a Florida non-profit corporation,

    Defendants.
_____/

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff, OLIVIA ELUMOGO-GARDNER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, LANDO RESORT CORPORATION (hereinafter, "Lando"), DAILY MANAGEMENT, INC. (hereinafter, "DM"), and VACATION VILLAGE AT PARKWAY OWNERS ASSOCIATION, INC. (hereinafter, "VV") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

**INTRODUCTION AND PRELIMINARY STATEMENT**

This is an action for damages brought by an individual consumer for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendants transact business in this District, Lando's and DM's principal place of business is located in this District, and the conduct complained of occurred in and/or from this District.

3. At all material times herein, the conduct of Defendants, complained of below, occurs in and/or from Broward County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Denver County, Colorado.

5. At all material times herein, Lando is a Florida for-profit corporation with its principal place of business located at 2626 E Oakland Park Blvd. Ft. Lauderdale, FL 33306 that, itself and through its subsidiaries, regularly assesses and collects timeshare debts from consumers in the state of Florida.

6. At all material times herein, DM is a Florida profit corporation with its principal place of business located at 16461 Racquet Club Road, Ft. Lauderdale, FL 33326 that, itself and through its subsidiaries, regularly assesses and collects timeshare debts from consumers in the state of Florida.

7. At all material times herein, VV is a Florida non-profit corporation with its principal place of business located at 2949 Arabian Nights Boulevard, Kissimmee, FL 33309 that, itself and through its subsidiaries, regularly assesses and collects timeshare debts from consumers in the state of Florida.

## **GENERAL ALLEGATIONS**

8. At all material times herein, Defendants are each a "creditor" as defined by Florida Statutes, Section 559.55(5).

9. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(3).

10. At all material times herein, Defendants attempt to collect a debt, including but not limited to, timeshare maintenance fees, late fees, taxes, assessments, and mortgage payments associated with Plaintiff's account number ending in -4817 (hereinafter, the "Debt").

11. At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

12. At all material times herein, the Defendants are each a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13. At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

14. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

15. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## **FACTUAL ALLEGATIONS**

16.     Defendants' telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number ending in -8821 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

17.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending in -8821.

18.     On or about March 15, 2014, Plaintiff purchased a timeshare interest from Lando at Vacation Village at Parkway (hereinafter, the "Property") located in Orlando, Florida (hereinafter, "Timeshare Agreement").

19.     In conjunction with the Timeshare Agreement, Plaintiff agreed to pay the timeshare mortgage, timeshare maintenance fees, and related taxes on the Property (i.e., the Debt).  DM managed the Property and collected such mortgage payments, fees, and taxes on behalf of VV, the owners' association for the Property.

20.     On or about May 13, 2014, Plaintiff retained the Finn Law Group, P.A. (hereinafter, "FLG") for representation with respect to her Timeshare Agreement and any alleged associated therewith, including the Debt.

21.     On or about May 28, 2014, FLG sent Lando, DM, and VV a letter that provided Defendants actual knowledge of FLG's representation of Plaintiff, FLG's contact information, and advised Defendants that all future communication with respect to the Debt must cease with Plaintiff and should be directed to FLG (hereinafter, "Letter of Representation").  Please see attached a true and correct copy of said Letter of Representation labeled as Exhibit "A."

22.     FLG sent the immediately-aforementioned letter to Lando care of Lando's attorney and agent, Greenspoon Marder, P.A.

23. FLG sent the above-referenced letter to DM and VV care of DM's and VV's agent, employee, or representative, Craig Olsen.

24. The Letter of Representation provided Plaintiff's Cellular Telephone number and explicitly revoked any prior express consent for Defendants to call Plaintiff's Cellular Telephone. *See* Exhibit "A."

25. At no time herein did Defendants possess Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, or an APV.

26. Furthermore, to the extent that Defendants assert they did possess Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, or an APV, Plaintiff revoked such consent via the Letter of Representation dated May 28, 2014.

27. Additionally, if Defendants contend the below-referenced telephone calls were made for "informational purposes only," Defendants nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, PTDS, or an APV.

28. All of the below-referenced communications occurred despite Defendants possessing actual knowledge of FLG's representation of Plaintiff with respect to the Debt, despite Defendants possessing FLG's contact information, and despite FLG advising Defendants that all communication with respect to the Debt must cease with Plaintiff and should be directed to FLG.

29. On or about June 16, 2014, Lando sent a collection letter directly to FLG on behalf of Plaintiff. Please see attached a true and correct copy of said collection letter labeled as Exhibit "B."

30. The immediately-aforementioned letter evidences Lando's actual knowledge of FLG's representation of Plaintiff with respect to the Debt and actual knowledge of FLG's contact information.

31. On or about July 15, 2014, Lando sent a collection letter directly to FLG on behalf of Plaintiff. Please see attached a true and correct copy of said collection letter labeled as Exhibit "C."

32. The immediately-aforementioned letter evidences Lando's actual knowledge of FLG's representation of Plaintiff with respect to the Debt and actual knowledge of FLG's contact information.

33. On or about July 16, 2014, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

34. The immediately-aforementioned call was placed from telephone number 954.389.7691 in an attempt to collect the Debt.

35. During the above-referenced call, Plaintiff spoke with Lando's employee or representative "Nancy Sawyer" in which Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, and requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG. In response, "Nancy Sawyer" acknowledged that Lando possessed knowledge of FLG's representation of Plaintiff with respect to the Debt.

36. On or about August 13, 2014, Lando sent a collection letter directly to FLG on behalf of Plaintiff. Please see attached a true and correct copy of said collection letter labeled as Exhibit "D."

37. The immediately-aforementioned letter evidences Lando's actual knowledge of FLG's representation of Plaintiff with respect to the Debt and actual knowledge of FLG's contact information.

38. On or about September 3, 2014, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

6

39. The immediately-aforementioned call was placed from telephone number 407.629.8018 in an attempt to collect the Debt.

40. During the above-referenced call, Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG, and requested the caller's name.

41. In response to Plaintiff's request during the above-referenced call, Lando's employee or representative refused to identify himself and ended the call.

42. On or about September 9, 2014, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

43. The immediately-aforementioned call was placed from telephone number 407.629.8018 in an attempt to collect the Debt.

44. During the above-referenced call, Plaintiff spoke with Lando's employee or representative "Theo Henry" in which Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, and requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG.  In response, "Theo Henry" acknowledged that Lando possessed knowledge of FLG's representation of Plaintiff with respect to the Debt.

45. On or about September 16, 2014, Lando sent a collection letter directly to FLG on behalf of Plaintiff.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "E."

46. The immediately-aforementioned letter evidences Lando's actual knowledge of FLG's representation of Plaintiff with respect to the Debt and actual knowledge of FLG's contact information.

7

47. On or about September 17, 2014, DM, on VV's behalf—and with its consent, knowledge, and approval—sent a collection letter directly to FLG on behalf of Plaintiff. Please see attached a true and correct copy of said collection letter labeled as Exhibit "F."

48. The immediately-aforementioned letter evidences DM's and VV's actual knowledge of FLG's representation of Plaintiff with respect to the Debt and actual knowledge of FLG's contact information.

49. On or about September 22, 2014, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

50. The immediately-aforementioned call was placed from telephone number 407.629.8018 in an attempt to collect the Debt.

51. During the above-referenced call, Plaintiff spoke with Lando's employee or representative "Edwin Henry" in which Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, and requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG. In response, "Edwin Henry" acknowledged "I see Finn Law Group [on the account]" and ended the call.

52. On or about September 29, 2014, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

53. The immediately-aforementioned call was placed from telephone number 407.629.8018 in an attempt to collect the Debt.

54. During the above-referenced call, Plaintiff spoke with Lando's employee or representative "Theo Henry" in which Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, and requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG. In

response, "Theo Henry" again acknowledged that Lando possessed knowledge of FLG's representation of Plaintiff with respect to the Debt.

55. On or about April 27, 2015, at approximately 11:15 a.m. EST, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

56. The immediately-aforementioned call was placed from telephone number 407.396.9086 in an attempt to collect the Debt.

57. During the above-referenced call, Plaintiff spoke with Lando's employee or representative "Tolliver Jenkins" in which Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, and requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG. In response, "Tolliver Jenkins" ended the call.

58. On or about April 29, 2015, at approximately 2:00 p.m. EST, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

59. The immediately-aforementioned call was placed from telephone number 407.479.3070 in an attempt to collect the Debt.

60. During the above-referenced call, Plaintiff spoke with Lando's employee or representative "Margo Williamson" in which Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, and requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG. In response, "Margo Williamson" ended the call.

61. On or about May 4, 2015, DM, on VV's behalf—and with its consent, knowledge, and approval—directly sent Plaintiff a billing statement in an attempt to collect the Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "G."

62. On or about August 21, 2015, DM, on VV's behalf—and with its consent, knowledge, and approval—directly sent Plaintiff a billing statement in an attempt to collect the Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "H."

63. On or about November 17, 2015, DM, on VV's behalf—and with its consent, knowledge, and approval—directly sent Plaintiff a billing statement in an attempt to collect the Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "I."

64. On or about February 23, 2016, DM, on VV's behalf—and with its consent, knowledge, and approval—directly sent Plaintiff a billing statement in an attempt to collect the Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "J."

65. On or about June 13, 2016, DM, on VV's behalf—and with its consent, knowledge, and approval—sent an electronic message (i.e., e-mail) directly to Plaintiff in an attempt to collect the Debt. Please see attached a true and correct copy of said e-mail labeled as Exhibit "K."

66. Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") in addition to FLG for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

67. As a direct result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that the hiring of an attorney for legal representation with respect to the Debt was wholly ineffective, and that the frequent, repeated direct debt collection attempts would simply have to be endured.

68. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, punitive damages, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

69. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic

telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

70. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

71. Lando's telephone calls made to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV were made in willful and knowing violation of the TCPA.

72. As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

73. Defendants are subject to, and each violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

74. Specifically, Lando, DM, and VV each received actual knowledge of FLG's representation of Plaintiff with respect to the Debt and FLG's contact information when Defendants and/or their agents received the Letter of Representation dated May 28, 2014.

75. Despite possessing the above-referenced knowledge of FLG's legal representation of Plaintiff with respect to the Debt and possessing FLG's contact information, despite Lando

sending *at least* four (4) collection letters to FLG on Plaintiff's behalf, and despite Plaintiff repeatedly advising Lando that all communication with respect to the Debt must cease with Plaintiff and should be directed to FLG's office, Lando directly called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* seven (7) times in an attempt to collect the Debt.

76. Additionally, on or about September 3, 2014, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

77. The immediately-aforementioned call was placed from telephone number 407.629.8018 in an attempt to collect the Debt.

78. During the above-referenced call, Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG, and requested the caller's name.

79. In response to Plaintiff's request during the above-referenced call, Lando's employee or representative refused to identify himself and ended the call.

80. At no time herein did Lando possess Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, or an APV.

81. To the extent that Lando asserts it did possess Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, or an APV, Plaintiff revoked such consent the moment Lando received the Letter of Representation.

82. Similarly, despite possessing the above-referenced knowledge of FLG's legal representation of Plaintiff with respect to the Debt, possessing FLG's contact information, and despite DM sending *at least* one (1) collection letters to FLG on Plaintiff's behalf, DM, on VV's behalf—and with its consent, knowledge, and approval—directly sent Plaintiff *at least* four (4)

12

billing statements and *at least* one (1) e-mail in an attempt to collect the Debt.

83. Defendants' conduct intended for Plaintiff to believe that, despite Plaintiff invoking her consumer rights and retaining legal counsel with regard to the Debt, and despite Lando lacking Plaintiff's prior express consent to call her Cellular Telephone, Defendants could and would continue their unlawful direct collection attempts until the Debt was paid.

84. As such, Defendants' actions constitute abusive and harassing conduct in violation of Florida Statutes, Section 559.72(7).

85. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(15)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

86. Lando is subject to, and violated the provisions of, Florida Statutes, Section 559.72(15) by refusing to provide adequate identification of himself or herself or his or her employer or entity he or she represents or works for when asked to do so by Plaintiff.

87. On or about September 3, 2014, Lando called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

88. The immediately-aforementioned call was placed from telephone number 407.629.8018 in an attempt to collect the Debt.

89. During the above-referenced call, Plaintiff again advised Lando of FLG's representation of Plaintiff with respect to the Debt, provided FLG's contact information, requested that all future communication with respect to the Debt cease with Plaintiff and should be directed to FLG, and requested the caller's name.

90. In response to Plaintiff's request, Lando's employee or representative refused to identify himself and ended the call.

91. As a direct and proximate result of Lando's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT THREE: UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

92. Defendants are subject to, and each violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiff after receiving actual notice that Plaintiff was represented by legal counsel with respect to the Debt.

93. Specifically, Lando, DM, and VV each received actual knowledge of FLG's representation of Plaintiff with respect to the Debt and FLG's contact information when Defendants received the Letter of Representation dated May 28, 2014.

94. Despite possessing the above-referenced knowledge of FLG's legal representation of Plaintiff with respect to the Debt and possessing FLG's contact information, despite Lando sending *at least* four (4) collection letters to FLG on Plaintiff's behalf, and despite Plaintiff repeatedly advising Lando that all communication with respect to the Debt must cease with Plaintiff and should be directed to FLG's office, Lando directly called Plaintiff's Cellular Telephone *at least* seven (7) times in an attempt to collect the Debt.

95. Similarly, despite possessing the above-referenced knowledge of FLG's legal representation of Plaintiff with respect to the Debt, possessing FLG's contact information, and despite DM sending *at least* one (1) collection letters to FLG on Plaintiff's behalf, DM, on VV's behalf—and with its consent, knowledge, and approval—directly sent Plaintiff *at least* four (4)

14

billing statements and *at least* one (1) e-mail in an attempt to collect the Debt.

96.   As such, Defendants intentionally and repeatedly communicated directly with Plaintiff after receiving notice that FLG represented Plaintiff with respect to the Debt.

97.   As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT FOUR:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

98.   Lando is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

99.   Specifically, at no time herein did Lando possess Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, or an APV.

100.   To the extent that Lando asserts it did possess Plaintiff's prior express consent to call her Cellular Telephone using an ATDS, a PTDS, or an APV, Plaintiff revoked such consent the moment Lando received the Letter of Representation.

101.   Additionally, if Lando contends its phone calls were made for "informational purposes only," Lando nonetheless lacked the required prior express consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, PTDS, or APV.

102.   Despite lacking Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, Lando placed *at least* seven (7) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempt to collect the Debt.

103. The phone calls made by Defendants complained of herein are the result of a repeated willful and knowing violation of the TCPA.

104. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

    a. The periodic loss of her Cellular Telephone service;

    b. Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract.

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

    d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e. Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against each Defendant declaring that each Defendant violated the FCCPA;

    b. Judgment against each Defendant for maximum statutory damages for violations of the FCCPA;

    c. Judgment against Lando declaring that Lando violated the TCPA;

    d. Judgment against Lando for statutory damages in the amount of $500.00 for each of Lando's telephone calls that violated the TCPA;

    e. Judgment against Lando for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Lando acted knowingly

and/or willfully;

    f.    Actual damages in an amount to be determined at trial;

    g.    An award of attorneys' fees and costs; and

    h.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
**Gregory H. Lercher, Esq., FBN 0106991**
**Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com

**Finn Law Group, P.A.**
Michael D. Finn, Esq., FBN 0089029
J. Andrew Meyer, Esq., FBN 0056766
Patrick A. Kennedy, Esq., FBN 0097973
7431 114th Avenue, Suite 104
Largo, Florida 33773
T: (727) 214-0700
F: (727) 475-1494
michaeldfinn@finnlawgroup.com
ameyer@finnlawgroup.com

17

                patrick@finnlawgroup.com
                pleadings@finnlawgroup.com
                *Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _____ )
COUNTY OF _____ )

Plaintiff Olivia Elumogo-Gardner, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Olivia Elumogo-Gardner

Subscribed and sworn to before me
this 12 day of August, 2016.

_____
Notary Public

STEVEN ZAUGG
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20034009024
MY COMMISSION EXPIRES 03/14/2019

My Commission Expires: 03/14/2019

Proof of I.D.: COLORADO DL 16-061-0878
Exp. 05-29-2021